**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR**
**PUBLICATION**

-----------------------------------------------------------------X

 In re:

TABITHA BELESIS,

Chapter 7

Case No. 22-11578 (DSJ)

Debtor.

-----------------------------------------------------------------X

ANTHONY VARBERO,

Plaintiff,

– against –

Adv. Proc. No. 23-01205 (DSJ)

TABITHA BELESIS,

Defendant.

-----------------------------------------------------------------X

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT'S MOTION TO DISMISS

*A P P E A R A N C E S:*

**J. IANDOLO LAW, PC**
*Counsel for Plaintiff Anthony Varbero*
8212 3rd Street
Brooklyn, NY 11209
By:    Jeremy Iandolo

**MICHAEL F. SCHWARTZ, ATTORNEY AT LAW**
*Counsel for Defendant Tabitha Belesis*
40 Fulton Street, 7th Floor
New York, NY 10038
By:    Michael F. Schwartz

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

This Memorandum Opinion and Order (this "**Decision**") concerns the motion of a chapter 7 debtor, Tabitha Belesis[1] ("**Debtor**"), to dismiss a Complaint filed by Anthony Varbero ("**Plaintiff**" or "**Varbero**"), who previously represented Debtor's husband, Anastasios Belesis ("**Mr. Belesis**"). Mr. Belesis owed Varbero more than $1 million in pre-petition legal-fee obligations, for which Debtor assumed personal responsibility through a settlement agreement and confession of judgment which were entered pre-Petition. Dismissal Mot. ¶¶ 3–6, ECF No. 4[2] (the "**Motion**" or "**Mot.**"). The complaint (the "**Complaint**") challenges Debtor's entitlement to a chapter 7 discharge and/or the dischargeability of the debt she owes Plaintiff. Compl., ECF No. 1. The Motion is based entirely on Debtor's contention that the Complaint is untimely.

Varbero commenced this adversary proceeding well after the date by which the Bankruptcy Code and Bankruptcy Rules ordinarily require objections to discharge or dischargeability be commenced, which is sixty (60) days after the date first set for the meeting of creditors under Bankruptcy Code section 341(a). *See* Fed. R. Bankr. P.[3] 4004(a); Fed. R. Bankr. P. 4007(c). Varbero nevertheless opposes Debtor's Motion, arguing that this deadline is inapplicable because he did not receive sufficient notice of the bankruptcy.

The parties' submissions on the Motion presented matters outside the pleadings. Thus, the Court treats the Motion as one for summary judgment under Federal Rule of Civil Procedure 12(d). *See* Fed. R. Civ. P.[4] 12(d) (made applicable here by Bankruptcy Rule 7012(b)). The Court heard arguments on the Motion on April 18, 2024 (the "**April Hearing**"). At the April Hearing, the parties informed the Court that they did not wish to conduct discovery or proceed with an

---

[1] The Debtor, who is the defendant in this adversary proceeding, filed a voluntary petition for relief (the "**Petition**") under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**" or "**Code**") on November 28, 2022, initiating the main underlying bankruptcy case *In re Tabitha Belesis*, Case No. 22-11578 (DSJ) (the "**Main Case**").

[2] Unless otherwise specified, electronic case filing numbers used in this Decision refer to the captioned adversary proceeding.

[3] In-text references to the Federal Rules of Bankruptcy Procedure will read "Rule __" or "Bankruptcy Rule __."

[4] In-text references to the Federal Rules of Civil Procedure will read "Civil Rule __."

evidentiary hearing, and they asked the Court to decide the Motion on the factual record that had already been presented. Hr'g Tr. 15: 9–25; 16:1–17, ECF No. 13. The Court took the matter under advisement and now issues this Decision.

Debtor's Motion argues that she provided three different forms of timely and legally sufficient notice to Varbero such that he cannot be excused from the ordinarily applicable and strict deadlines for challenging the issuance of discharge orders or the dischargeability of specific debts. For reasons explained below, the Court agrees with Debtor as to one of the three asserted forms of notice—namely, a January 2023 email to Varbero's counsel that reported the bankruptcy filing and demanded a cessation of collection efforts over one month before the deadline for commencing this action. Thus, although the Court agrees with Varbero that the other two forms of notice relied on by Debtor do not warrant dismissal, the Court concludes that Varbero received adequate notice or had actual knowledge of the Petition by virtue of his counsel's receipt of the January 2023 email, and such notice satisfies due process. Thus, the Court **GRANTS** summary judgment in favor of Debtor and dismisses the Complaint as untimely.

## I.   FACTUAL BACKGROUND

### A.   Procedural History

#### 1.   The District Court Action

Mr. Belesis, the Debtor's estranged husband, retained Varbero to represent him in a number of arbitrations, accruing legal fees in excess of $1,000,000.00. Compl. ¶¶ 7, 16. On March 24, 2020, Varbero filed an action in the United States District Court for the Southern District of New York (the "**District Court**") against Mr. Belesis, Debtor, and certain entities under Debtor's control (the "**Certain Entities**"). Opp'n to Mot. Ex. A, ECF No. 5 ("**Opp'n**"). Varbero asserted claims for fraud, fraudulent concealment, and other causes of action, alleging in part that Debtor

assisted Mr. Belesis in engaging in fraudulent transfers to avoid paying Mr. Belesis' debt to Varbero (the "**District Court Action**"). *See* Opp'n Ex. A. On April 9, 2021, the District Court entered a judgment against Mr. Belesis enforcing a 2020 settlement between Mr. Belesis and Varbero which obligated Mr. Belesis to pay a principal settlement amount totaling $1,092,121.73 (the "**District Court Judgment**"). Mot. Ex. A; Opp'n Ex. C. Varbero continued to litigate his claims against the remaining defendants, namely, Debtor and the Certain Entities.

On April 25, 2021, Debtor, as an individual and on behalf of the Certain Entities, entered into a settlement agreement with Varbero (the "**Settlement Agreement**"). Opp'n Ex. E. The Settlement Agreement made Debtor liable for the full settlement amount, and stated that upon default, Varbero may enforce the District Court Judgment against Debtor and file a copy of an associated confession of judgment ("**Confession of Judgment**") against Debtor. Opp'n Ex. E ¶ 5; Opp'n Ex. F.

On July 10, 2021, Varbero filed an abstract of judgment in the District Court, reflecting the District Court Judgment against Mr. Belesis (the "**Abstract of Judgment**"). Mot. Ex. C. The Abstract of Judgment listed "111 John St #1100, New York, NY 10038[,]" as Varbero's address (the "**John Street Address**"). Mot. Ex. C.

2. Debtor's Default on Settlement and Varbero's State Court Action Against Her

Varbero asserts that the Debtor defaulted on the Settlement Agreement almost immediately, which prompted Varbero's counsel Ariel Bouskila ("**Bouskila**") to send notice of default to Debtor's counsel, Michael Schwartz ("**Schwartz**"), and to have the Confession of Judgment entered in the Supreme Court of the State of New York, County of New York. *See* Opp'n 5; Opp'n Exs. F, G. On December 14, 2021, Varbero obtained a judgment against Debtor in the Supreme Court of the State of New York, County of New York, premised upon the Confession of

Judgment (the "**State Court Judgment**"). Opp'n Ex. H. The State Court Judgment lists both

Varbero's address and Bouskila's office address as "80 Broad St Suite 3303, New York, NY

10004" (the "**Broad Street Address**"). Opp'n Ex. H, 2–3.

## B. The Bankruptcy

### 1. Debtor's Chapter 7 Bankruptcy Petition

Debtor filed the Petition on November 28, 2022, just over a year after entry of the State

Court Judgment against Debtor that listed Varbero's Broad Street Address. Main Case, Petition,

ECF No. 1. On Schedule E/F, which lists a debtor's unsecured creditors, Debtor listed Varbero's

address as the John Street Address (which was the address used on the earlier, July 2021 Abstract

of Judgment) and characterized the debt owed to Varbero as a nonpriority unsecured claim and a

"debt incurred by spouse." *Id.* at 26.

### 2. Varbero's Adversary Complaint

On December 4, 2023, Varbero filed the Complaint that commenced this adversary

proceeding. The Complaint seeks a judgment declaring Debtor's debt to Varbero non-

dischargeable under section 523(a) of the Bankruptcy Code and/or precluding or revoking any

discharge under section 727(a) of the Code. Compl. ¶ 2. Specifically, and based on allegations that

Debtor knowingly participated in Mr. Belesis' fraudulent scheme to conceal assets and avoid

paying debts owed to Varbero, the Complaint seeks: (1) denial of discharge of Debtor's obligations

to Varbero under section 523(a)(2)(A) for a debt for money obtained by fraud or false pretenses;

(2) denial of discharge of Debtor's obligations to Varbero under section 523(a)(6) for a debt for

willful and malicious injury by the debtor to another entity's property; (3) denial of discharge

under section 727(a)(2) for transferring or concealing property of the debtor within one year before

the bankruptcy filing; (4) denial of discharge under section 727(a)(4) for failing to disclose

information relating to the debtor's financial affairs; and (5) denial of discharge under section 727(a)(5) for failure to explain loss of assets or deficiency of assets to meet the debtor's liabilities. *See* Compl. ¶¶ 57–79.

### 3. The Motion to Dismiss

On January 18, 2024, Debtor filed the Motion along with supporting documents. The Motion asserts that the Complaint is time-barred under Bankruptcy Rules 4004(a) and 4007(c) because the Complaint was filed almost one year after the first date for the meeting of creditors. Mot. Ex. D, 3 ("**Pleading Mem.**"). The Motion states that the Debtor served notice of her Petition on Varbero at the John Street Address, which was the address that Varbero listed on the July 2021 Abstract of Judgment that he had entered against Mr. Belesis. Pleading Mem. 3. Thus, the Motion asserts dismissal is warranted because of Varbero's failure to file a timely complaint or motion to extend time despite receiving adequate notice of the Petition. Pleading Mem. 3–5.

### 4. Varbero's Opposition

Varbero filed an opposition to the Debtor's Motion  (the "**Opposition**"), which asserts that Debtor intentionally provided improper notice of the Petition by mailing notice to the John Street Address. Varbero asserts that he was neither a resident at, a lessee of, nor a tenant at the John Street Address. Opp'n 2. Varbero claims that Schwartz, Debtor's bankruptcy attorney who prepared the Debtor's schedules, knew that the John Street Address was not Varbero's proper legal address; Varbero asserts he provided Schwartz with his proper legal address, which is in Florida, during Schwartz's deposition of Varbero in February 2020 or 2021.[5] Opp'n 2; Opp'n Ex. K ¶ 5 ("**Varbero Decl.**").

---

[5] Varbero's Opposition states that the deposition occurred in February 2021, but his declaration states that the deposition occurred in February 2020.

5. <u>The Schwartz Declaration in Reply</u>

On February 15, 2024, Debtor filed a declaration of Michael Schwartz in reply to the Opposition. Schwartz Decl., ECF No. 8 (the "**Schwartz Declaration**" or "**Schwartz Decl.**"). The Schwartz Declaration offers two grounds to support its contention that Varbero received adequate notice of the bankruptcy. First, the Schwartz Declaration asserts that the "Notice to Creditors" mailed by the Court to the addresses of the creditors listed on the Petition was not returned or otherwise undeliverable. The Schwartz Declaration explains that the Debtor's schedules listed the John Street Address on the Petition because it was the address used for Varbero on the Abstract of Judgment,[6] which Varbero filed in July 2021, and because the John Street Address was the address of the law firm that employed Varbero at the time Mr. Belesis retained Varbero. Schwartz Decl. ¶ 2.

Second, the Schwartz Declaration asserts Varbero received notice of the Petition via email. Attached as Exhibit A to the Schwartz Declaration is an email dated January 18, 2023 (the "**January 2023 Email**") from Schwartz to Bouskila with the subject line "Varbero v. Tabitha Belesis" that reads:

> Ariel: Please be advised that Tabitha Belesis has filed for protection under Chapter 7 of the Bankruptcy Code in the Southern District of New York Bankruptcy Court. Accordingly, all collection proceedings are duly stayed. Please confirm receipt. MFS.

Schwartz Decl. Ex. A.

The Schwartz Declaration asserts that the email to Bouskila in his capacity as counsel to Varbero provided adequate notice of the Petition to Varbero well within the applicable timeframe to file a dischargeability-related complaint or a motion for the extension of time to do so.

---

[6] The Court takes judicial notice that Varbero was the party that filed the Abstract of Judgment on July 10, 2021, and that the Abstract listed the John Street Address as Varbero's notice address. *Varbero v. Belesis*, Case No. 1:20-cv-02538 (S.D.N.Y. 2021), ECF No. 124.

6. <u>February 29, 2024 Status Conference</u>

During a status conference held on February 29, 2024, the Court determined that because the Motion included matters outside the pleadings it would treat the Motion as one for summary judgment under Civil Rule 12(d). The Court provided Varbero with thirty days to file additional papers given Debtor's submission of additional evidence along with the Schwartz Declaration and provided Debtor with ten days to respond.

7. <u>Varbero's Supplemental Opposition to the Motion</u>

On March 29, 2024, Varbero filed a Supplemental Opposition to Debtor's Motion supported by a signed declaration by Varbero. Supplemental Opp'n, ECF No. 9 ("**Supplemental Opposition**" or "**Suppl. Opp'n**"); Suppl. Opp'n Ex. E ("**March Varbero Decl.**"). The Supplemental Opposition largely reiterates the arguments in the Opposition but attaches an email exchange between Varbero and Bouskila wherein Varbero asks Bouskila whether he was ever served by Schwartz. Suppl. Opp'n Ex. D.  Bouskila responded, claiming he "did not see" and "was not served with anything." *See* Suppl. Opp'n Ex. D. Varbero adds that Schwartz never followed up with a call or written communication to see if Bouskila received the January 2023 Email. Suppl. Opp'n 3.

8. <u>The April Schwartz Declaration</u>

On April 4, 2024, Debtor filed a second declaration of Michael Schwartz in response to the Supplemental Opposition.[7] April Schwartz Decl., ECF No. 10 ("**April Schwartz Declaration**" or "**April Schwartz Decl.**"). The April Schwartz Declaration included evidence of email

---

[7] On April 5, 2024, Varbero filed a request that the Court strike the April Schwartz Declaration as an improper sur-reply. *See* Mot. to Strike Def's. Sur-Reply, ECF No. 11. However, at the April Hearing, the parties, including Varbero's counsel, engaged with the substance of the April Schwartz Declaration, and the Court considers it a procedurally justified response to Varbero's contentions that is in keeping with the Court's direction that each party file a supplemental submission before the April 2024 hearing. The Court therefore declines to strike the April Schwartz Declaration.

correspondence from April 2022 and July 2022 between Schwartz and Bouskila using the same email address to which Schwartz sent his January 2023 Email to Bouskila (the "**Email History**"). April Schwartz Decl. Exs. A, 1; B. While Schwartz acknowledges that he "ha[s] not been able to obtain confirmation that [his] January 18, 2023 email was received by Ariel Bouskila," he argued that his successful communications to and from Bouskila using the same address in 2022 sufficiently establishes the reliability of his January 2023 transmission to Bouskila. Schwartz Declaration ¶ 3.

The April Schwartz Declaration also includes an unsigned computer-generated copy of a letter dated January 23, 2023 addressed to Bouskila at the Broad Street Address (the "**January 2023 Letter**") which the Debtor asserts was sent to follow up on the January 2023 Email. *See* April Schwartz Decl. Ex. C. The January 2023 Letter states that the Debtor filed for bankruptcy and named Varbero as a creditor of the Debtor. *See* April Schwartz Decl. Ex. C.

9. The April Hearing

On April 18, 2024, the Court heard argument on the Motion to Dismiss. At the April Hearing, the parties stated that they did not wish to proceed with discovery or an evidentiary hearing and stated their belief that they had presented the Court with enough facts to resolve the parties' timeliness dispute in the case's current posture. Hr'g Tr. 15: 9–25; 16:1–17, ECF No. 13. The Court reserved decision.

## II.  **LEGAL STANDARDS**

### A.  **Rule 12(d) Converted Motions for Summary Judgment**

1. Conversion of Motions to Dismiss to Motions for Summary Judgment

The Court will evaluate the Debtor's Motion using the summary judgment standard. Civil Rules 12(b)-(i) are made applicable to adversary proceedings by Bankruptcy Rule 7012. Fed. R.

Bankr. P. 7012(b). In resolving Civil Rule 12(b)(6) motions to dismiss for failure to state a claim

upon which relief can be granted, the Court generally is limited to considering the facts alleged in

the complaint, including "(i) documents attached to or incorporated by reference in the complaint;

(ii) documents 'integral' to or relied upon in the complaint, even if not attached or incorporated by

reference, and (iii) facts of which judicial notice may properly be taken under Rule 201 of the

Federal Rules of Evidence." *In re CIL Limited*, 582 B.R. 46, 59–60 (Bankr. S.D.N.Y. 2018) (citing

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)). Thus, "[i]f, on a motion

under Rule 12(b)(6) [...] matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P.

12(d).

Here, the parties have presented an array of matters outside the pleadings including but not

limited to the Email History; the January 2023 Email; the January 2023 Letter; and declarations

by Debtor, Varbero, Schwartz, and Jeremy Iandolo, attorney for Plaintiff in this adversary

proceeding. *See* April Schwartz Decl. Exs. A, 1; B; Schwartz Decl. Ex. A.; April Schwartz Decl.

Ex. C.; Mot. 3–7; Schwartz Decl.; April Schwartz Decl.; Varbero Decl.; March Varbero Decl.;

Opp'n Ex. J; Suppl. Opp'n Ex. A. The parties have invited the Court to consider these materials

outside the pleadings in evaluating the Motion, and, as a result, Civil Rule 12(d) requires treating

the Motion as one for summary judgment.

   2. <u>Civil Rule 56 – Summary Judgment</u>

Civil Rule 56 is made applicable in adversary proceedings by Bankruptcy Rule 7056 and

provides that the "court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Bankr. P. 7056; Fed. R. Civ. P. 56(a). "A dispute about a material fact is '"genuine" ... if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party.' Whether a fact is material depends on the governing substantive law—'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *E.g.*, *In re Navillus Tile, Inc.*, No. 17-13162 (DSJ), 2023 WL 5024026, at *4 (Bankr. S.D.N.Y. 2023) (citation omitted).

On a motion for summary judgment, inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *E.g., Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *See Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 103 (2d Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Upon such a showing, the non-moving party bears the burden to present evidence to "satisfy every element of the claim." *Pennington v. D'Ippolito*, 855 F. App'x 779, 781 (2d Cir. 2021). Civil Rule 56(c) details how non-movants are to make this required showing and reads as follows:

**(c) Procedures.**

> **(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"To defeat a summary judgment motion, the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,'" and "may not rely on

11

conclusory allegations or unsubstantiated speculation." *E.g., F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted).

**B. Applicable Timeliness and Notice Requirements**

The timeliness requirements that determine the Motion's outcome flow from the statutory provisions under which Varbero brings his action, the associated Bankruptcy Rules, and the requirements of due process. Here, the Complaint includes separate causes of actions brought under each of the following five Code sections: 523(a)(2)(a); 523(a)(6); 727(a)(2); 727(a)(4); and 727(a)(5). *See* Compl. ¶¶ 57–79. Bankruptcy Code sections 523(a) and 727 relate to entitlement to discharge and exceptions to discharge. Causes of actions brought under these Code sections are due on the same date as is prescribed in two different Bankruptcy Rules: the deadline for the Complaint's causes of action brought under Code section 523 is set out in Bankruptcy Rule 4007(c), and the deadline for the Complaint's causes of action brought under Code section 727 is set out in Bankruptcy Rule 4004(a).

1. Timeliness of Claims Brought Under Code Section 523

Bankruptcy Code section 523(a) identifies a series of exceptions to the discharge that ordinarily is granted in chapter 7 cases pursuant to Bankruptcy Code section 727. *See* 11 U.S.C. § 523(a). Some of these exceptions are self-executing, and others, like the exceptions relevant here, are non-self-executing, requiring a creditor to affirmatively seek a determination of exception to discharge before a specified deadline. 11 U.S.C. § 523(c)(1); *see Garcia v. Sklar (In re Sklar)*, 626 B.R. 750, 768 (Bankr. S.D.N.Y. 2021). The applicable deadline is found in Bankruptcy Rule 4007(c), which states that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under

§341(a)." Fed. R. Bankr. P. 4007(c). Adjournment of the Code section 341(a) meeting of creditors does not change the deadline—the applicable deadline is sixty days after the first date *set* for the meeting of the creditors, not when the meeting occurs. *In re Bessler*, 600 B.R. 739, 745 (Bankr. S.D.N.Y. 2019) (stating that "the deadline to file an objection, or to seek an extension, expires 60 days after the first date set for the 341 Meeting."). "[T]he 'cumulative effect' of those provisions is to confer upon the debtor '"peace of mind" that if complaints [like the Complaint here] asserting nondischargeability on Section 523(a)(2), (4), [or] (6) . . . have not been filed [in the bankruptcy court] by a date certain . . . they cannot be filed at all, and the respective claims will be discharged.'" *In re Gianopoulos*, 584 B.R. 598, 605 (Bankr. S.D.N.Y. 2018) (quoting *In re Bachman*, 296 B.R. 596, 599 (Bankr. D. Conn. 2003)).

Here, the initially noticed date of the section 341 meeting of creditors was December 21, 2022, Main Case, Notice of 341(a) Meeting of Creditors, ECF No. 4, and, accordingly, the deadline under the Rule 4007(c) for filing a dischargeability complaint was sixty days after that date: February 21, 2023. [8]

## 2. Timeliness of Claims Brought Under Code Section 727

Subject to exceptions under Rule 4004(b)(2) that are not applicable here, in a chapter 7 case, a complaint objecting to the debtor's discharge, or a motion to extend time to object to a debtor's discharge, must be filed "no later than 60 days after the first date set for the meeting of the creditors under §341(a)." Fed. R. Bankr. P. 4004(a); Fed. R. Bankr. P. 4004(b)(2). A court may extend the time for taking action under Rule 4004 only "to the extent and under the conditions

---

[8] Although sixty days after December 21, 2022 is February 19, 2022, that date fell on a Sunday, with the following Monday being Presidents' Day. As such, the relevant deadline is February 21, 2023. *See* Fed. R. Bankr. P. 9006(a)(1)(C) (stating in relevant part that when computing a time period under the Bankruptcy Rules, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

stated in" Bankruptcy Rule 4004(b) itself, which makes an exception for objectors who first learn facts that would prevent a discharge after the usual deadline expires. *In re Pressman*, No. 23-10259, 2023 Bankr. LEXIS 2177, at *3 (S.D.N.Y. Aug. 31, 2023); *see* Fed. R. Bankr. P. 9006(b)(3).

As stated above, the initially noticed date of the section 341 meeting of creditors was December 21, 2022, Main Case, Notice of 341(a) Meeting of Creditors, ECF No. 4, and, accordingly, the deadline under the Rule 4004(a) for filing a complaint objecting to the Debtor's discharge was sixty days after that date: February 21, 2023.

### 3. Due Process Notice Requirements

For the applicable filing deadline to apply, at least regarding dischargeability claims brought under Code section 523(a), the plaintiff must have received adequate notice of the bankruptcy case, which case law recognizes must be consistent with the requirements of due process. *See In re Gianopoulos*, 584 B.R. at 607. Due process is satisfied by "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hannover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Pertinent to due process requirements, section 523(a)(3) of the Bankruptcy Code creates a limited exception to the applicable filing deadline where a creditor had no notice or actual knowledge of a bankruptcy. *See* 11 U.S.C. § 523(a)(3). Code section 523(a)(3) states that a discharge under Code section 727 does not discharge any individual from any debt including those:

> [N]either listed nor scheduled . . . with the name , if known to the debtor, of the creditor to whom such debt is owed, in time to permit— . . . (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, . . . timely request for a determination of dischargeability of such debt under one of such paragraphs, **unless such creditor had notice or actual knowledge of the case in time for such timely filing and request**[.]

14

11 U.S.C. § 523(a)(3) (emphasis added).

As the bolded statutory language makes clear, a creditor's claims may be discharged even if they do not appear on a debtor's schedules or even if the creditor does not receive court-generated notices in time to permit the filing of a dischargeability challenge if the creditor had timely notice **or** actual knowledge of the "case." *See GAC Enters. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 457 (2d Cir. 1995) ("The statute itself, in § 523(a)(3)(B), does contain a constructive notice clause that makes crystal clear that a creditor with timely, actual notice of the 'case' does *not* have the 'right to assume' that it will receive formal notice before its claims are barred."). Rather, Code section 523(a)(3)(B) is construed to require creditors who have "actual, timely knowledge" of the debtor's petition to "exercise due diligence and take necessary steps to preserve" their rights. *Id.* at 455 (discussing the burden Code section 523(a)(3)(B) places on creditors with timely, actual knowledge of a case to "come forward" before the filing deadline).

General knowledge of the bankruptcy is sufficient to require action without offending due process because the provisions of the Bankruptcy Code and Rules enable a creditor to estimate the applicable deadline based on knowledge of when a chapter 7 petition was filed. *Id.* (stating a creditor could "estimate the bar date [for filing a complaint under Code section 523(c)] with relative accuracy" based on the chapter 7 petition filing date because of the deadlines in Bankruptcy Rules 4007(c) and 2003(a)); *see* Fed. R. Bankr. P. 4007(c) (setting the bar date as no later than 60 days following the first section 341 meeting of creditors); Fed. R. Bankr. P. 2003(a) (setting the first section 341 meeting of creditors as "not fewer than 21 and no more than 40 days after the order for relief").

## III.    <u>DISCUSSION</u>

There is no dispute that Varbero's action was filed well after the deadline imposed by Bankruptcy Rules 4004(a) and 4007(c), and the evidence before the Court establishes that Varbero had sufficient notice to be bound by those deadlines consistent with due process requirements, notwithstanding his arguments that the Complaint is timely due to asserted deficiencies in Debtor's efforts to notify him of her bankruptcy case.

This conclusion is based on the email that Debtor's counsel Michael Schwartz sent to Varbero's counsel Ariel Bouskila on January 18, 2023, thirty-four (34) days before the deadline to file an action challenging discharge or dischargeability. The January 2023 Email's subject line read, "Varbero v. Tabitha Belesis," a matter in which Bouskila represented Varbero against the Debtor, Ms. Belesis, and the body of the January 2023 Email explicitly informed Bouskila that this bankruptcy case had been filed, staying Varbero's ongoing collection activity against Debtor. The Court concludes that the January 2023 Email provided notice sufficient to bind Varbero to the generally applicable filing deadline despite the Court's conclusion that two other asserted notice methods relied on by Debtor were insufficient. Those two methods were, first, the inclusion of Varbero among creditors listed in the schedules to Debtor's Petition, which the Court finds insufficient because that listing included an assertedly inaccurate and outdated address for Varbero, and second, a computer printout of a letter dated January 23, 2023 following up on the January 2023 Email which the Court finds insufficient because it has not been shown to have actually been transmitted to Bouskila.

After detailing its ruling regarding notice, this Decision briefly touches on other issues necessary to support the conclusion that the case should be dismissed as untimely.

### A. Untimeliness of Varbero's Claims Under Code Section 523

1. Belesis' Scheduling of Varbero's John Street Address in Her Petition Did Not Provide Notice That Complied with the Code and the Requirements of Due Process

Debtor asserts she provided Varbero with notice of the bankruptcy case by listing Varbero as a creditor on the Petition and accompanying schedules. Varbero asserts that the Debtor's filings used an incorrect address and that he never received the formal notices that the Court generates and sends to scheduled creditors; the Debtor does not dispute these statements. Evidence presented with the Motion shows that the most recent document with Varbero's address available to the Debtor, which was the State Court Judgment against Debtor, included an address for Varbero that would have been sufficient to provide notice, making Debtor's use of an address that appeared on the earlier Abstract of Judgment against Debtor's husband not justifiable under the controlling requirement that a debtor use reasonable diligence to identify and provide current addresses for scheduled creditors.

"In the context of Section 523 of the Bankruptcy Code, notice that affords due process is accomplished by a debtor's adherence to, among other things, the requirements of Section 521 of the Bankruptcy Code and Fed. R. Bankr. P. 1007." *In re Najjar*, No. 06-01955, 2007 WL 1395399, at *3 (Bankr. S.D.N.Y. May 11, 2007). [9] "These rules require that a debtor, among other duties, prepare schedules listing creditors' names and addresses." *Id.*; *see* 11 U.S.C. § 521(a)(1); *see also* Fed. R. Bankr. P. 1007(a). The schedules are used to notify creditors of the commencement of the bankruptcy case and the deadlines by which creditors must file proofs of claim or bring nondischargeability actions. *Id.* Due process requires that a debtor use diligence in completing its schedules. *Id.* (citing *Lubeck v. Littlefield's Rest. Corp. (In re Fauchier)*, 71 B.R. 212, 215 (9th

---

[9] In *In re Najjar*, the court denied the defendant's motion to dismiss where the defendant listed the plaintiff-creditor's address on its schedules as a seven-year-old address without presenting evidence of the diligence the defendant took to ascertain whether such address was current. 2007 WL 1395399 at *3.

Cir. B.A.P. 1987)). However, "[a] debtor has no obligation to search out court records to ascertain a creditor's or an attorney's current address; notice to a known creditor is sufficient if provided to the address shown in the debtor's books and records." *In re The Brooklyn Hosp. Ctr.*, 513 B.R. 810, 820 (Bankr. E.D.N.Y. 2014).

Debtor represents that she listed the John Street Address on her schedules because that address is given as Varbero's address in the Abstract of Judgment that Varbero submitted which was entered on July 10, 2021 in connection with the District Court Judgment against Debtor's husband, Mr. Belesis. Pleading Mem. 3; Mot. Ex. C. Subsequently, however, following Debtor's default on the terms of the Settlement Agreement and still before Debtor filed her Petition to commence this bankruptcy case, Varbero obtained the December 14, 2021, State Court Judgment in his action against Debtor, which lists Varbero's address as the Broad Street Address, not the John Street Address. Opp'n Ex. H, 2.

Debtor, as the movant, bears the burden of demonstrating the absence of any dispute of material fact that would preclude her being entitled to a ruling in her favor as a matter of law. The Motion fails to demonstrate at least under that demanding standard that Debtor acted with reasonable diligence under the circumstances of the case in scheduling Varbero's claim and address. Again, at the time of her bankruptcy filing, the State Court Judgment that was directly against Debtor was the most recent record available to the Debtor and listed the Broad Street Address as Varbero's address. Debtor, therefore, has not demonstrated that she exercised reasonable diligence to ascertain Varbero's most recent address by relying upon the earlier Abstract of Judgment against Mr. Belesis when the State Court Judgment containing Varbero's correct address was more recent, on notice to the Debtor, and the subject of ongoing collection activity against the Debtor. Thus, the steps Debtor took to ensure notice to Varbero by including

him in her bankruptcy schedules were not sufficiently diligent to meet her notice obligations, or to justify dismissal of the Complaint on timeliness grounds.

2. <u>The January 2023 Email Provided Notice</u>

Chronologically, the next form of notice on which Debtor's Motion is based is the January 2023 Email to Bouskila, who, as explained, was an attorney actively representing Varbero in his ongoing collection efforts against Debtor. This email did provide Varbero, through his attorney, with actual knowledge and/or reasonable notice of the bankruptcy. The email could not have been more explicit, stating: "Ariel [*i.e.*, Varbero's attorney]: Please be advised that Tabitha Belesis has filed for protection under Chapter 7 of the Bankruptcy Code in the Southern District of New York Bankruptcy Court. Accordingly, all collection proceedings are duly stayed." Schwartz Decl. Ex. A. The email was sent to Bouskila at the same address that had been used in successful communications in April 2022 through July 2022, *see* April Schwartz Decl. Exs. A, 1; B, between nine and six months before the January 2023 Email, and Varbero has neither presented evidence that the email address was incorrect, nor that Bouskila did not represent him in January 2023. The Court therefore concludes that the January 2023 Email provided the required notice to Debtor via his attorney-agent.

Varbero's response does not change this conclusion, nor the resulting conclusion that the Complaint should be dismissed as untimely. First, Varbero objects incorrectly that the January 2023 Email came too late to constitute effective notice. The Supplemental Opposition asserts that the January 2023 Email to Bouskila could not have provided sufficient notice even if it were received because Schwartz sent the January 18, 2023 Email on the "sixtieth day" after Belesis filed her Petition (which she filed on November 28, 2022). *See* Suppl. Opp'n 3. The Court first notes that Varbero miscounts; there are only fifty-one days, not sixty, between January 18, 2023, the

date the January 2023 Email was sent, and the Petition Date, which was November 28, 2022. More importantly, however, and as discussed above, the applicable deadline is not sixty days after the Petition Date, but sixty days after the date first set for the meeting of creditors, which here translates to a deadline of February 21, 2023. *See* Fed. R. Bankr. P. 4007(c); Fed. R. Bankr. P. 4004(a); Main Case, Notice of 341(a) Meeting of Creditors, ECF No. 4. Thus, the notice came "in time for such timely filing and request[.]" *See* 11 U.S.C. § 523(a)(3)(B).

As noted, Varbero does not dispute that Bouskila represented him in his effort to collect from Debtor. He does challenge whether Debtor has sufficiently established that Bouskila received the email and/or that Varbero should be chargeable with notice even if Bouskila received the email. But for reasons detailed below, the Court is not persuaded by these contentions.

First, as a matter of law, the January 2023 Email is entitled to a presumption that it was sent and received. Under New York law, there is a "a presumption that a party has received an email when it is delivered to the party's email address in accordance with regular office procedures." *SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 700 F. Supp. 3d 146, 157 (S.D.N.Y. 2023) (citing *Lockette v. Stanley*, No. 18-CV-876, 2018 WL 4778920, at *4, (S.D.N.Y. Oct. 3, 2018)). "To rebut this presumption, a litigant must show that 'routine office practice was not followed or was so careless that it would be unreasonable to assume that notice was mailed.'" *Id.* (citation omitted). A plaintiff who contests receipt of an email "must produce admissible evidence showing that the email was not sent or was not received." *Lockette*, 2018 WL 4778920, at *4 (citation omitted). "[M]ere denial of receipt of an email is insufficient" to rebut the presumption. *Id.* (citation omitted); *see Walsh v. Walsh*, 175 A.D.3d 743, 744 (2d Dep't 2019) (finding an "unsubstantiated allegation that [defendant's] attorney never received a properly mailed notice of settlement . . . was insufficient to rebut the presumption of proper mailing and

receipt arising from the affidavit of mailing as well as the email sent by his attorney's office manager acknowledging receipt.").

Debtor has submitted the Email History to corroborate the validity of Bouskila's email address by showing that the email address used in the January 2023 Email was successfully used in the regular course of business between April 11, 2022, and July 18, 2022. April Schwartz Decl. Exs. A, 1; B. One of the email exchanges provided shows correspondence between Bouskila and Schwartz (using the relevant email address for Bouskila) about the issuance and acceptance of a subpoena through Schwartz against Debtor. April Schwartz Decl. Ex. B. This showing supports the presumption that Bouskila received the January 2023 Email, given the correctness of the email address used for Bouskila and Bouskila's seemingly active use of that address in the regular course of his business. *See SuperCom*, 700 F. Supp. 3d at 167  (finding an email presumptively received where the record establishes the recipient and sender communicated in the regular course of business using the email to which notices were addressed and emailed).

This conclusion is reinforced by Debtor's failure to submit a declaration from Bouskila denying receipt of the email or attesting that the email address in question was no longer functional or in use during January 2023. These facts parallel those in *Lockette*, which found an email to have been presumptively received where the email, among other things, was properly addressed and defendant produced evidence of emails sent by plaintiff to show that the plaintiff was actively using the email account around the time of the email in question. 2018 WL 4778920, at *4.

Varbero further objects that (1) no receipt confirmation had been produced even though Schwartz requested a confirmation of receipt in the body of the email, and (2) Bouskila's law firm's email software ordinarily generates a delivered server receipt for incoming emails, but no such delivery confirmation was provided here. Supp. Opp'n 3.

These responses do not undermine Debtor's entitlement to summary judgment. First, Bouskila and Schwartz had an extensive history of communications regarding the underlying State Court Judgment, which the record suggests ceased when Schwartz sent the January 2023 Email advising Bouskila of the chapter 7 filing and corresponding automatic stay. Mot. ¶ 5. Again, Varbero did not present a declaration or affidavit from Bouskila, his attorney and the addressee of the email, which would be an appropriate method to dispute receipt, the accuracy and functionality of the address used, or the effective functioning of Bouskila's email account at the relevant time. *See* Fed. R. Civ. P. 56(c)(1) (party "asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits or declarations[.]"). Nor has Varbero presented any evidence supporting his contention that the email to Bouskila would have generated and delivered server receipts to incoming email senders such as Schwartz. Meanwhile, the evidence that *has* been proffered does not support Varbero's assertion about the existence of any auto-reply receipts because the record includes several email exchanges between Schwartz and Bouskila, none of which include or show any automated receipt notifications from Bouskila. April Schwartz Decl. Exs. A, 1; B.

For these reasons, the Court finds that the Debtor is entitled to a presumption of receipt of the January 2023 Email which Varbero has failed to rebut. *Lockette*, 2018 WL 4778920, at *4 (mere denial of receipt of an email is insufficient to rebut the presumption of receipt).

3. Service on Bouskila Resulted in Imputed Notice to Varbero

Varbero is chargeable with notice or knowledge of the contents of the January 2023 Email, which was sent not directly to him but rather to his attorney, Bouskila, who undisputedly represented Varbero in his pre-bankruptcy efforts to collect amounts due to him from Debtor. "Courts have held that notice served on a creditor's nonbankruptcy attorney imputes notice to the

creditor 'so long as there is a *nexus* between the creditor's retention of the attorney and the creditor's claim against the debtor.'" *In re Najjar*, 2007 WL 1395399, at *4 (emphasis in original) (citation omitted). Courts have found a "sufficient nexus" imputing notice on a creditor where notice was provided to the creditor's nonbankruptcy attorney when that attorney was "active[] on behalf of the creditor in a nonbankruptcy proceeding [that] was significant and ongoing at the time of the bankruptcy" and involved the debtor. *Id.* (citing *In In re Linzer*, 264 B.R. 243 (Bankr. E.D.N.Y. 2001) (imputing notice to a creditor whose attorney was actively engaged in prosecuting the creditor's claim against the debtor in a nonbankruptcy proceeding at the time of the debtor's filing)).

Here, the record shows that Bouskila was primarily responsible for or at least heavily involved in Varbero's State Court Action seeking to enforce the Confession of Judgment against Debtor, and that proceeding was active and ongoing at the time of Debtor's Petition. Varbero has not presented contrary evidence giving rise to a genuine dispute of fact. In fact, the January 2023 Email demanded that Bouskila discontinue ongoing collection efforts due to Debtor's filing, which supports the inference that Bouskila was actively working on Varbero's behalf to collect from Debtor at the time of the communication in question. The Court therefore concludes that Varbero is chargeable with receipt and knowledge of the contents of the January 2023 Email, which contained explicit notification of Debtor's commencement of the bankruptcy case.

The Court thus concludes that Varbero received reasonable notice of Debtor's bankruptcy in time to take the required action of commencing this action within sixty days of the date first set for Debtor's section 341 meeting. As a result, Varbero's Complaint must be dismissed as untimely.

4.  <u>The Debtor Has Not Established Proper Transmittal of the January 2023 Letter</u>

The Court considers but does not base its ruling on Debtor's third asserted form of notice to Varbero, namely, a computer printout of the January 2023 Letter that on its face appears to be from Schwartz to Bouskila, ostensibly following up on the January 2023 Email. The January 2023 Letter's contents unquestionably reveal the existence of the bankruptcy, as the letter states, "I represent Tabitha Belesis. On or about November 28, 2022, Ms. Belesis filed a Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code . . ." *See* April Schwartz Decl. Ex. C. Varbero, however, disputes whether the letter was ever sent and correctly observes that the letter as produced is unsigned and unaccompanied by documentary or testimonial proof of transmittal. *See* Motion to Strike Defendant's Sur-Reply, ECF No. 11. The Court agrees with Varbero that Debtor has not sufficiently established that the January 2023 Letter was actually sent to Bouskila.

It is the case that "proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *In re Greenberg*, 526 B.R. 101, 105 (Bankr. E.D.N.Y. 2015) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)). "To invoke the presumption, a party must prove that the letter was properly addressed, stamped, and mailed[;]" the required showing can take the form of an affidavit of service. *E.g., id.* (citing *Hagner*, 285 U.S. at 430; *In re Bernard L. Madoff Inv. Sec. LLC*, No. 13 CIV. 4332, 2014 WL 1302660, at *4 (S.D.N.Y. Mar. 31, 2014); *In re Residential Capital*, No. 12–12020, 2014 WL 3798622, at *10 (Bankr. S.D.N.Y. July 31, 2014); *In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013); *In re Barquet Group., Inc.*, 477 B.R. 454, 462 n. 7 (Bankr. S.D.N.Y. 2012) aff'd, 486 B.R. 68 (S.D.N.Y. 2012); *In re Dana Corp.*, No. 06-10354, 2007 WL 1577763, at *4 (Bankr. S.D.N.Y. May 30, 2007)).

Here, however, Debtor has not shown that the January 2023 Letter was properly addressed, stamped, and mailed, and has produced only an unsigned copy of the January 2023 Letter, seemingly printed from computer files. No declaration or affidavit attests to depositing the January 2023 Letter in the mail or to office procedures by which this would have been done, nor has Debtor presented other evidence establishing actual transmittal. Thus, Debtor has failed to establish proper transmittal, and the presumption of receipt therefore is not triggered. The Court has no need to address Varbero's unsupported assertion that the January 2023 Letter was fabricated after the fact; it suffices to conclude that its transmittal has not been established.

## B.  The Untimeliness of Varbero's Claims Under Section 727

1.  <u>Varbero's Claims Under Section 727 Are Time-Barred</u>

To the extent Varbero raises separate arguments regarding the timeliness of his claims brought pursuant to Bankruptcy Code section 727, the Court rejects his contentions. As noted, objections to a discharge under section 727 of the Bankruptcy Code are subject to the timing requirements of Bankruptcy Rule 4004, which requires that a complaint "objecting to the debtor's discharge shall be filed no later than 60 days after the date first set for the meeting of creditors" which here translates to a filing deadline of February 21, 2023.

Bankruptcy Rule 4004(b)(2) contains a narrow exception permitting a motion to extend time to object to a debtor's discharge filed *after* the applicable deadline where "the objection is based on facts that, if learned after the discharge, would provide a basis for revocation . . . ," **and** "the movant did not have knowledge of those facts in time to permit an objection." Fed R. Bankr. P. 4004(b). A court may extend the time for taking action under Bankruptcy Rule 4004 only as stated in Bankruptcy Rule 4004(b) itself. *See* Fed R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rule[] . . . 4004(a) . . . only to the extent and under the conditions stated in those rules.").

25

Varbero is not entitled to an exception from the Rule 4004 deadline that governs claims under Code section 727. The Complaint includes allegations dating back to December 2015 reflecting Varbero's knowledge of the facts he alleges support his claims under section 727, and Varbero has not brought to the Court's attention any belatedly identified facts that were not available prior to the applicable deadline and that would justify a denial of discharge. Thus, Varbero's claims brought pursuant to section 727 are time-barred.

2.  <u>Barring Varbero's Claims Brought Under Section 727 Complies with Due Process Requirements</u>

Due process does not necessitate a different result. Courts in this District have observed that "there does not appear to be a direct analogue to section 523(a)(3) . . . that allows for the filing of a complaint objecting to discharge under section 727 at any time where a creditor had no notice or actual knowledge of the case. This may be because section 523(a)(3) already sufficiently protects such a creditor's due process rights by allowing that creditor to seek denial of discharge with respect to the particular debts owed to that creditor." *In re Sklar*, 626 B.R. at 774. However, here, the Court need not consider whether a lack of notice or actual knowledge of a bankruptcy case impacts the deadline set out in Bankruptcy Rule 4004(a) because it concludes that Varbero had reasonable notice or actual knowledge of the bankruptcy case more than a month before the original deadline to act. This finding moots any possible due process argument arising from alleged deficiencies in notice.

Thus, in sum, Varbero received timely notice of Debtor's bankruptcy case as a result of the January 2023 Email from Debtor's counsel, Schwartz, to Varbero's counsel, Bouskila, which explicitly informed Bouskila of the pendency of the bankruptcy and Bouskila's obligation to cease collection activity against Debtor. Bankruptcy Rules 4004 and 4007 required this action to be filed no later than sixty days after the date first set for the meeting of creditors under Code section

26

341(a). Varbero missed that deadline, and, because he was afforded adequate notice of the case,

his Complaint must be dismissed in its entirety as untimely.

## **<u>CONCLUSION</u>**

For the reasons stated above, Debtor's Motion to Dismiss the Complaint, which the Court

previously converted to a Motion for Summary Judgment is **GRANTED**. It is so ordered.


Dated: New York, New York
       September 11, 2024

                                    ___*s/ David S. Jones*_____
                                    Honorable David S. Jones
                                    United States Bankruptcy Judge